OPINION
{¶ 1} Defendant-appellant, James E. Rose, (hereinafter, "appellant"), appeals the May 27, 2003 judgment of the Common Pleas Court of Mercer County in which it denied appellant an interest in crops growing on land that had been owned by appellant but was subsequently sold at a judicial sale. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} This case originates from a final divorce decree entered by the Common Pleas Court of Mercer County on September 24, 2002, terminating the marriage of appellant and Phyllis M. Rose, the appellee herein. Pursuant to the decree of divorce, as part of the trial court's division of the marital property, appellant was awarded the parties' farm real estate located in Auglaize County. In order to effectuate an equal distribution of the marital property, including the marital interest in the farm, the trial court awarded appellee $128,957, which was to be paid to her by appellant. In order to secure appellant's obligation to pay appellee, the trial court ordered that the sum owed to appellee would stand as a lien on the farm real estate until the $128,957 was paid in full. Upon full payment, appellee would be required to execute a quit claim deed to appellant.
 {¶ 3} Appellant, however, failed to make the required payment[s] to appellee. Responding to appellant's failure to pay, appellee, on December 18, 2002, filed a motion requesting the trial court to order a judicial sale of the farm real estate. Appellant failed to respond to appellee's motion. On February 19, 2003, a hearing was held on the motion, and the trial court, by judgment entry dated February 25, 2003, granted appellee's request and ordered the Auglaize County Sheriff's Office to sell the farm real estate. On March 21, 2003, an appraisal of the farm real estate was filed in the trial court. The appraisal valued the farm at $335,000.
 {¶ 4} Pertinent to this appeal, on or about April 21, 2003,after the trial court ordered the farm real estate to be sold at judicial sale, but prior to the sheriff's auction in which the reality was sold, appellant planted crops on said farm real estate. Appellant, at no time, provided notice to the trial court that he had planted crops on the land, and also failed to present any evidence to the trial court at the February 19, 2003 hearing regarding his intentions to farm the land Then, on May 1, 2003, only several days after appellant planted the crops, the farm real estate was sold at sheriff's auction to the highest bidder, Robert Niemeyer, for $388,000. On May 13, 2003, appellee motioned the court to confirm the sale of the farm real estate and for an order declaring that appellant had "no further interest in the real estate, or the crops that he may have planted thereon." Once again, appellant failed to file a response to appellee's motion.
 {¶ 5} The hearing to confirm the sale of the farm real estate was held on May 27, 2003. Appellant appeared at the hearing and testified as to planting the crops at issue herein. The trial court confirmed the sale and ordered the deed to the farm be conveyed to Niemeyer. The trial court further ordered that appellant "shall have no interest in the crops planted on said real estate, having cultivated and planted the same after this court ordered the real estate sold." From the record, it appears that this hearing to confirm the sale of the farm real estate was the first time appellant presented any evidence to the trial court that he had planted crops on said property.
 {¶ 6} Appellant now appeals the May 27, 2003 judgment of the trial court and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in ordering that defendant-appellantforfeit his interest in the crops that he had planted on his farmreal estate that was subsequently sold at a judicial sale.
 {¶ 7} Appellant maintains that while the court had the authority to order the farm real estate to be sold at judicial sale, it did not have the authority to order appellant to be divested of his interest in the crops that he had planted on the farm real estate prior to the judicial sale. Appellant asserts that the key issue is "whether a farmer, who has planted and cultivated crops on his property, loses his financial and possessory interest in those crops when the farm real estate is later sold at judicial sale."
 {¶ 8} Under Ohio law, when full title of land is transferred by way of sale or conveyance from the owner of the land (vendor) to another (vendee), the growing crops, unless otherwise expressly reserved by the vendor, will pass to the vendee with the land Herron v. Herron (1890), 47 Ohio St. 544, 547. Unless the crops are reserved by the vendor, they are presumed to have been intended to pass with title to the vendee. Id. Otherwise, the purchaser of the land would be subject to the intrusion of the vendor to gather the crop. Id. However, when the realty issold at judicial sale the title holder of the land generally does not lose his or her interest in crops growing on the land Id. "The reason given for excluding growing crops from judicial sales is that all lands before exposure to sale are required to be appraised, and * * * [a]nnual crops are not included in such appraisal, and hence to include them in the sale would be to give to the purchaser property which had not been subject to appraisal * * *." Id. at 548, citing Cassilly v. Rhodes (1843),12 Ohio 88. While an interest in growing crops does not generally transfer to a buyer who purchases realty at a judicial sale, application of this proposition of the law is dependent upon the facts of the particular case.
 {¶ 9} In cases cited by appellant, and others reviewed by this court, where the title holder of land with crops growing thereon retained an interest in the crops after the judicial sale, the crops had been planted prior to the date on which a judicial sale was ordered by the court. For example, see,Cassilly v. Rhodes (1843), 12 Ohio 88; Mason v. Lemmon
(1895), Ohio Com.Pl., Ottawa County, affirmed by Mason v.Lemmon (1897), 56 Ohio St. 793.
 {¶ 10} The case sub judice, however, is factually different. Appellant herein planted the crops on or about April 21, 2003, a mere ten days prior to the May 1, 2003 judicial sale of the farm real estate. It is undisputed that appellant, as a party to the action hereto, at all times had proper notice of the orders of the trial court. Despite having notice that the trial court ordered the farm real estate to be sold at sheriff's auction; that an appraisal of the farm real estate had been filed with the court on March 21, 2003, for the purpose of holding a judicial sale; and that notice of the judicial sale was published in a local daily newspaper for three weeks from March 26 to April 9, 2003, stating that the farm real estate would be offered for sale at public auction on May 1, 2003; appellant, nevertheless, chose to have the crops planted on or about April 21, 2003.
 {¶ 11} The facts and circumstances of this case dictate that the general rule, rather than the exception, must govern the outcome of this matter. The appellant, with awareness of the impending judicial sale and with heedless indifference to the effect of the trial court's orders, voluntarily planted the crops just days before the scheduled sale nevertheless. Moreover, appellant failed to notify the trial court at any time prior to the sale that he either intended to, or that he already had, planted crops on the property.
 {¶ 12} Appellant, by his imprudent conduct after the judicial sale had been ordered and scheduled, acquired no interest in the planted crops separate and apart from the interest in the real estate, itself. Consequently, the crops passed with the land[1] Accordingly, appellant's assignment of error is overruled.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] While factually distinct from this case, the Supreme Court of Ohio similarly held in Herron v. Herron (1890),47 Ohio St. 544, 550 that " * * * the husband sows with full knowledge that the land is liable to be adjudged to the wife, and that, when the crop ripens, he may have no right of entry to gather it. * * * He cannot claim profits, for it is by his own folly that he has sowed that which he could not reap." See also, Vlack v. Vlack,
(Nov. 16, 1982), Franklin App. No. 82AP-335 wherein the Tenth District Court of Appeals, pursuant to Herron, held that because the husband did not reserve any rights in the wheat and because the crops were not severed and harvested before the divorce decree ordering the transfer of the realty from husband to wife, the wife was then rightfully entitled to receive the profits from the sale thereof.